ADMINISTRATIVE JUSTICE OF THE HOUSING COURT
DEPARTMENT *vs*. COMMISSIONER OF
ADMINISTRATION & others.[1]

Suffolk. September 15, 1983. — February 15, 1984.

Present: HENNESSEY, C.J., NOLAN, LYNCH, & O'CONNOR, JJ.

*Judge. Constitutional Law*, Separation of powers, Judiciary, General
Court, Bill of attainder. *General Court. Judiciary.*

General appropriation acts fixing the salary of the Administrative Justice
of the Housing Court Department at the level of an associate justice of
the Trial Court "notwithstanding the provisions of . . . [G. L. c. 211B]
to the contrary," did not conflict with statutes establishing general
salary levels for the "administrative justices." [201-202]
In an action by the Administrative Justice of the Housing Court Depart-
ment seeking a declaration that the failure of the Legislature to con-
tinue to appropriate funds for salaries and expenses of the administra-
tive staff of the Housing Court Department violated judicial tenure
provisions expressed in Part II, c. 3, art. 1, of the Massachusetts Con-
stitution, as amended by art. 98 of the Amendments, no basis for relief
was stated where the plaintiff's complaint made no assertion that he
had followed the specific procedures prescribed by S.J.C. Rule 1:05
for exercising his inherent authority to bind the Commonwealth for his
court's reasonable administrative expenses. [202-203]
General appropriation acts fixing the salary of the Administrative Justice
of the Housing Court Department at the level of an associate justice of
the Trial Court, and, thus, resulting in his being paid a salary below
that of the administrative justices of the other departments of the Trial
Court, did not violate judicial tenure provisions of Part II, c. 3, art. 1,
of the Massachusetts Constitution as amended by art. 98 of the
Amendments. [203-204]
General appropriation acts which failed to appropriate funds for continu-
ing to pay the salaries and expenses of the administrative staff of the
Housing Court Department, and which fixed the salary of the Ad-
ministrative Justice of the Housing Court Department at the level of
an associate justice of the Trial Court, did not violate the prohibition
against bills of attainder in art. 25 of the Massachusetts Declaration of
Rights. [204-205]

---

[1] The chairmen of the Ways and Means Committees of the House and
Senate, and the Commonwealth of Massachusetts.

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on January 6, 1983.

The case was reported by *Abrams, J.*

*James J. Cotter, III,* for the plaintiff.

*Daniel O. Mahoney,* Special Assistant Attorney General (*Jeffrey Swope,* Special Assistant Attorney General, with him) for the defendants.

HENNESSEY, C.J. The Administrative Justice of the Housing Court Department commenced this action by a complaint filed in the Supreme Judicial Court for Suffolk County seeking a declaration that legislation contained in the general appropriation act for fiscal 1982 (St. 1981, c. 351), which altered the terms, conditions, and nature of his commission as an administrative justice, was in violation of provisions of the Massachusetts Constitution and in conflict with other laws. The complaint, as subsequently amended, makes similar claims for relief concerning the general appropriation acts for fiscal 1983 and 1984, and alleges that the constitutional provisions violated by the legislation include those provisions prohibiting (a) the exercise by the legislative department of powers reserved to the judicial branch; (b) the demotion of an incumbent, commissioned administrative justice; and (c) the enactment of bills of attainder. The defendants answered the complaint, later answered the amended complaint, and filed a motion for judgment in their favor on the pleadings. A single justice of this court reserved and reported without decision the defendants' motion for judgment on the pleadings for determination by the full court. Because it is apparent that scrupulous effort was made by the plaintiff to state his maximum and most specific case in his complaint as amended, it is appropriate for us to declare the rights of the parties and, upon analysis, we conclude that the challenged legislation is valid.

The Housing Court Department of the Trial Court was created pursuant to the provisions of G. L. c. 211B, § 1, inserted by St. 1978, c. 478, § 110, as part of the Court Reorganization Act (Act). In accordance with St. 1978, c. 478,

200                                                          391 Mass. 198

Administrative Justice of the Housing Court Department v. Commissioner of Administration.

§ 332, the plaintiff, as the incumbent, senior justice of the City of Boston Division and the Hampden County Division of the Housing Court Department, assumed the title of and exercised the powers, duties, and responsibilities of Administrative Justice of the Housing Court Department, as of July 1, 1978, the effective date of the Act.

The general appropriation acts for fiscal 1980 (St. 1979, c. 393), and fiscal 1981 (St. 1980, c. 329), included appropriations for "salaries and expenses of the administrative staff" of the Housing Court Department. During these fiscal years, the plaintiff, as the Administrative Justice of the Housing Court Department, received a salary equal to that of all other administrative justices of the Trial Court.

The Governor's budget request for fiscal 1982 included an appropriation for salaries and expenses of the administrative staff of the Housing Court Department. The Senate and the House included appropriations for the salaries and expenses of administrative staff of the Housing Court Department and made no differentiation between the administrative salary of the plaintiff and the other administrative justices of the Trial Court.

Subsequent to approval by the House and the Senate, the general appropriation act for fiscal 1982 was sent to a conference committee of the House and Senate. The general appropriation act approved by the conference committee, and subsequently enacted by the Legislature (St. 1981, c. 351), deleted all appropriations for salaries and expenses of the administrative staff of the Housing Court Department, and designated the salary of the plaintiff as that of an associate justice of the Trial Court.[2]

The general appropriation acts for fiscal 1983 and 1984 included provisions similar to St. 1981, c. 351, with respect

---

[2] The act also transferred the administrative responsibilities for the Housing Court Department from the plaintiff to the Administrative Justice of the Boston Municipal Court Department but that provision was disapproved by the Governor. This court subsequently ruled that the provision was properly disapproved by the Governor. *Attorney Gen.* v. *Administrative Justice of the Boston Mun. Court Dep't,* 384 Mass. 511 (1981).

391 Mass. 198                                                    201

Administrative Justice of the Housing Court Department v. Commissioner of Administration.

to the plaintiff's salary and status, and again did not include appropriations for the administrative staff of the Housing Court Department. On two occasions, a year apart, judicial pay raise legislation for administrative justices of the Trial Court Department was enacted. St. 1981, c. 632. St. 1982, c. 455. The first pay raise act, effective December 16, 1981, raised the level of compensation for administrative justices retroactively to January 1, 1981, and provided for an additional increase to be effective on January 1, 1982. The second pay raise act provided for an increase to be effective January 5, 1983. During fiscal 1982 and fiscal 1983, however, the plaintiff, pursuant to the provisions of the general appropriation acts for those years, continued to be paid as an associate justice of the Trial Court, and consequently the plaintiff's level of compensation was lower than that of the administrative justices of the other departments of the Trial Court.

The plaintiff has asserted that the motive and purpose for reducing his salary, alone among all the administrative justices, to the level of an associate justice was due to his refusal to accede to demands from certain members of the Legislature that he exercise his judicial appointment power to appoint a particular person to a position in the Housing Court Department. The plaintiff has further alleged that members of the leadership of the Senate stated that the budget of the Housing Court Department would be adversely affected if the plaintiff did not adhere to their demands. The defendants deny these allegations and instead contend that the provisions of the appropriation acts were justified savings based on a recognition that there was no need for separate supervisory administration of the Housing Courts in Boston and Hampden County.

The plaintiff argues that the general appropriation legislation designating the plaintiff's salary as that of an associate justice is in conflict with St. 1978, c. 478, § 332, St. 1981, c. 632, and St. 1982, c. 455. He thus argues that there is inconsistency between the appropriation acts and the several statutes which established general levels for the

"administrative justices," and that the appropriation statutes do not control. We disagree. The salary of the plaintiff was established as that of an associate justice in no less than six separate appropriation acts. (St. 1981, c. 351; St. 1982, c. 44, § 1; St. 1982, c. 241; St. 1982, c. 191; St. 1983, c. 204; St. 1983, c. 289). Further, the provisions of the appropriation acts relating to the salary of the Administrative Justice of the Housing Court Department are all preceded by the phrase "notwithstanding the provisions of . . . [G. L. c. 211B] to the contrary." This is an obvious reference to the general salary level for administrative justices, as first established in c. 211B. The legislative intent is clear.

The plaintiff argues that, by virtue of his commission as the Administrative Justice of the Housing Court Department of the Trial Court, his judicial office may not be altered without violation of the tenure clause of the Massachusetts Constitution. He argues that the terms and conditions of an administrative judicial office have been held to be different, unique, and protected by the tenure clause, and that two integral terms or conditions were, until the legislation challenged here, the provisions for an administrative staff and for a salary commensurate with that of other administrative justices. He claims that the elimination of these terms or conditions violates the tenure clause; that if the terms of the commission of an administrative justice may be altered without violating the judicial tenure clause, such alteration is permissible only in the context of a broad-based judicial reorganization scheme; and that since the legislative alteration of the plaintiff's administrative office is an isolated alteration, not clearly connected with any reorganization scheme, the legislation violates the judicial tenure clause.

As to the claims relating to administrative expenses and salaries, the plaintiff states no case for relief. This court has recognized an exception to the rule that administrative expenditures are subject to appropriations in that a judge has inherent authority to bind the Commonwealth for "expenses

391 Mass. 198                                                    203

Administrative Justice of the Housing Court Department *v.* Commissioner of Administration.

reasonably necessary for the operation of his court." *O'Coin's, Inc.* v. *Treasurer of the County of Worcester,* 362 Mass. 507, 509 (1972). However, subsequent to *O'Coin's,* the court prescribed by rule of court the circumstances in which such administrative expenses could be incurred. S.J.C. Rule 3:23, 359 Mass. 832 (1972). Following court reorganization the rule was amended, effective April 12, 1979. 377 Mass. 934 (1979). The rule, now codified as S.J.C. Rule 1:05, as appearing in 382 Mass. 704 (1981), permits the plaintiff to submit a request for administrative expenditures to the Chief Administrative Justice of the Trial Court. S.J.C. Rule 1:05 (2). While the rule provides that the Chief Administrative Justice "shall make a final determination thereon" (S.J.C. Rule 1:05 [3]), in *O'Coin's, supra* at 516, the court noted that, "[u]pon a petition for declaratory relief," the Supreme Judicial Court would review the decision of the Chief Administrative Justice. Because the plaintiff's complaint makes no assertion that he has followed the specific procedures spelled out by this court in S.J.C. Rule 1:05, he has stated no basis for the relief that he seeks in this case regarding administrative salaries and expenses.

As to the claims concerning his "reduction" in salary, it is clear that the plaintiff's reliance upon the tenure clause of the Massachusetts Constitution (Part II, c. 3, art. 1, as amended by art. 98 of the Amendments) is misplaced. We accept the plaintiff's premise that the tenure clause protects judges from any "demotion" that reduces their tenure in office. The reduction in salary claimed here is not in violation of the tenure clause. See *Opinion of the Justices,* 271 Mass. 575, 579 (1930); *Opinion of the Justices,* 372 Mass. 883, 902 (1977).[3]

---

[3] The plaintiff continues to hold the position of Administrative Justice of the Housing Court Department, which, as "senior" Housing Court judge, he assumed in accordance with the provisions of St. 1978, c. 478, § 332, and he is compensated at the salary level of an associate justice of the Trial Court. We express no opinion whether legislative action in reducing the salary of an administrative justice who assumed that position by reason of

We need not decide here whether a limitation in salary may, in some circumstances, be so extreme as to violate the tenure clause. Clearly that is not the case here, where the plaintiff's salary has increased from $44,500, to its present level of $60,000, during the several years relevant to this case, and where the differential between the plaintiff's salary and that of other administrative justices of the Trial Court has at no time exceeded $2,500. In light of our conclusions we need not consider the defendants' substantial, additional argument that the plaintiff does not, as administrative justice, occupy a judicial office within the constitutional meaning because, e.g., he was not appointed to that office by the Governor with advice and consent of the Executive Council. See *Commonwealth* v. *Leach*, 246 Mass. 464, 471 (1923).

Finally, the plaintiff argues that the appropriations decisions of the Legislature were intended as a punishment against him and thus violated the prohibition against bills of attainder in art. 25 of the Declaration of Rights.[4] The plaintiff in his substitute complaint specifies in detail the alleged statements of several legislators which the plaintiff asserts demonstrate their punitive motives. The defendants deny these allegations. The defendants offer strong arguments that the plaintiff, who remains as Administrative Justice of the Housing Court Department at the salary of an associate justice of the Trial Court, trivializes the concept of bills of attainder by equating the budgetary consequences

---

his incumbency as Chief Justice of a Trial Court Department (St. 1978, c. 478, § 332), would be impermissible as an "isolated instance of legislative alteration of a particular judicial office." See *Attorney Gen.* v. *Administrative Justice of the Boston Mun. Court Dep't, supra* at 518.

[4] The plaintiff also, in very general terms, argues violation of arts. 10 and 30 of the Declaration of Rights of the Massachusetts Constitution. Because the plaintiff can have no property right or interest in his public salary or public office, and because the Legislature's authority to reorganize the judicial system and change judicial salaries is clear, the plaintiff's claims under arts. 10 and 30 of the Declaration of Rights of the Massachusetts Constitution fail to state a cause of action.

here with the extreme consequences which resulted in those rare instances in which a bill of attainder was implicated. See *United States* v. *Lovett,* 328 U.S. 303, 308-313 (1946); *Crain* v. *Mountain Home,* 611 F.2d 726, 728-729 (8th Cir. 1979). We think, however, that the plaintiff's assertions, even if accepted as true, fail for a more basic reason. Clearly, the plaintiff cannot convincingly assert, from the face of the legislation, that there could be no nonpunitive intent of the Legislature in enacting these appropriation provisions. Evidence as to statements attributed to individual legislators as to their motives or mixtures of motives in considering legislation are not an appropriate source from which to discover the intent of the legislation. *McKenney* v. *Commission on Judicial Conduct,* 377 Mass. 790, 800 n.9 (1979). Consistently, the courts have confined their review to statutory words and official legislative records. *Nixon* v. *Administrator of Gen. Servs.,* 433 U.S. 425, 483-484 (1977). *Starkweather* v. *Blair,* 245 Minn. 371, 379-380 (1955). Clearly the plaintiff states no basis for relief in his allegations concerning bills of attainder.

We conclude by stating, as we have so often in the past, that it is not for this court to comment on the wisdom of legislative enactments. We are limited to a review of the lawfulness of measures. The doctrine of separation of powers commands us to exercise this restraint. It is clear that the pleadings entitle the plaintiff to no relief and, accordingly, judgment shall be entered in the county court declaring that the several challenged appropriation statutes were valid and lawful in their provisions concerning the salary of the plaintiff, and their omission of salaries and expenses of the administrative staff of the Housing Court Department.[5]

*So ordered.*

---

[5] The defendant legislators argue that the complaint, although it seeks declarative relief, should be dismissed as to them on the basis of art. 21 of the Declaration of Rights of the Massachusetts Constitution, which concerns the protection of free speech for legislators. We think the record before us is not sufficient for us to consider the issue. We have decided the case in the posture reported to us by the single justice.