MARJORY A. GERMAN vs. COMMONWEALTH & others.[1]

Suffolk. May 9, 1991. - June 18, 1991.

Present: LIACOS, C J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

Constitutional Law, Taxation, Equal protection of laws, Public employ-
ment, Taking of property. Public Employment, Salary. Common-
wealth, Officers and employees, Financial matters.

Provisions of St. 1991, c. 6, § 90, prescribing a mandatory furlough for
certain State employees, do not impose a tax on such employees and,
therefore, do not implicate State and Federal constitutional require-
ments governing taxation. [448-449]
Provisions of St. 1991, c. 6, § 90, prescribing a mandatory furlough for
certain State employees, do not effect a taking of the property of an at-
will employee without compensation, in violation of art. 10 of the Mas-
sachusetts Declaration of Rights. [449-451]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 10, 1991.

The case was reported to the Appeals Court by Elbert
Tuttle, J., on a statement of agreed facts. The Supreme Judi-
cial Court transferred the case on its own initiative.

Marjory A. German, pro se.

William W. Porter, Assistant Attorney General, for the
Commonwealth & others.

Gordon P. Ramsey, for the Massachusetts State Managers
Association, amicus curiae, submitted a brief.

Sandra C. Quinn, for Massachusetts Teachers Association,
amicus curiae, submitted a brief.

---

[1]The defendants are the Commonwealth, the Governor, the Secretary of
Administration, the Director of the Office of Employee Relations, the
Commissioner of Revenue, and the chairperson of the Committee for
Public Counsel Services.

*Augustus J. Camelio, ·Matthew D. Jones & David B. Rome*, for Alliance, ASCME-SEIU, AFL-CIO, CLC, amicus curiae, submitted a brief.

NOLAN, J. We are called upon to pass on the constitutionality of St. 1991, c. 6, § 90, the so-called "furlough" law. Specifically, we are asked to decide whether § 90 imposes a discriminatory and unconstitutional graduated "tax" on State employees, and whether it effects a governmental "taking" of the plaintiff's property without reasonable compensation in violation of art. 10 of the Massachusetts Declaration of Rights. We determine that § 90 does not impose a "tax" on State employees. Furthermore, § 90 does not deprive the plaintiff State employee of any property right and, therefore, does not violate art. 10.

On March 22, 1991, c. 6 of St. 1991 was approved by the Governor. Section 90 (*a*) declares that "[a] state of fiscal emergency exists in the commonwealth . . . . Therefore, as a matter of paramount public policy, . . . the general court finds and declares that a temporary program of furloughs for employees and officers . . . is the least painful means of conserving and utilizing the commonwealth's available monies." The section then outlines the terms of the furlough program, which is to be in effect from April 15 to June 30, 1991. The program affects all employees of the Commonwealth (except judges) whose annual salary exceeds $20,000. Each covered employee is to be furloughed for a number of days determined by the employee's annual compensation.[2]

---

[2]Section 90 (*c*) sets forth the following schedule for the State employee furlough:

| Annual Compensation | Furlough Days |
|---|---|
| Less than $20,000 | 0 |
| $20,000 to  24,999 | 2 |
| 25,000 to  29,999 | 4 |
| 30,000 to  34,999 | 6 |
| 35,000 to  39,999 | 7 |
| 40,000 to  49,999 | 8 |
| 50,000 to  59,999 | 10 |
| 60,000 *to*  69,999 | 12 |
| 70,000 or greater | 15 |

Section 90 (b) specifies that affected employees may elect one of three options. The first option provides that the employee may take the days as unpaid days off, with the limitation that essential State employees may not choose this option. Under the second option, the employee may choose to continue to work the days and receive a number of bonus paid vacation days, at a rate of one and one-quarter days for each furlough day worked. As a third option, the employee may continue to work the days without pay and receive a lump sum payment within thirty days after leaving State employment. The furlough law has no effect on an employee's seniority status or employee benefits such as health and accident insurance and retirement benefits.[3] Under § 90 (m), every public employee who is a member of the contributory retirement system established under G. L. c. 32, and who is required to participate in the furlough program, is authorized to borrow on the accumulated total deductions in the employee's account in the annuity savings fund of the system to which the employee belongs. This amount must be repaid with interest within five years or by the employee's retirement date, whichever is sooner.

The plaintiff, Ms. Marjory German, is an attorney employed by the Massachusetts Committee for Public Counsel Services, a statutory agency of the Commonwealth which provides defense services for indigent defendants facing criminal charges. Ms. German receives an annual salary of between $40,000 and $50,000, which, under the program, requires her to be furloughed for eight days. Ms. German, acting pro se, filed a complaint for declaratory and injunctive relief in the Superior Court in Suffolk County. The complaint challenges the constitutionality of the furlough law. The plaintiff is a nonunion State employee. On April 22, 1991, a Superior Court judge reserved and reported, pursuant to G. L. c. 231, § 111, and Mass. R. Civ. P. 64, 365

---

[3]Section 90 (g) states that "[t]he temporary furlough program pursuant to this section shall not impair any rights, privileges, status or eligibility of any employee with respect to seniority and employee benefits, other than level of compensation for nineteen hundred and ninety-one."

Mass. 831 (1974), the issues presented by the complaint to the Appeals Court. We transferred the case to this court on our own motion.

The plaintiff argues that the furlough program is, in effect, an unconstitutional tax on State employees. She argues that this violates art. 44 of the Amendments to the Massachusetts Constitution[4] because it is a "graduated tax,"[5] and that it denies State employees "equal protection" under both the United States Constitution and the Massachusetts Constitution. These arguments fail because § 90 does not implement a tax.

The Justices have defined a tax as "a revenue-raising exaction imposed through generally applicable rates to defray public expense." *Opinion of the Justices*, 393 Mass. 1209, 1216 (1984). When the characterization of a monetary exaction is in doubt, "the intention of the Legislature, as it may be expressed in part through its characterization . . . deserves judicial respect, and especially so where the constitutionality of the exaction depends on its proper characterization." *Emerson College* v. *Boston*, 391 Mass. 415, 424 (1984), quoting *Associated Indus. of Mass., Inc.* v. *Commissioner of Revenue*, 378 Mass. 657, 667-668 (1979). In the final analysis, however, the nature of a monetary exaction will be decided by studying its operation rather than how it has been characterized by the Legislature. *Emerson, supra* at 424.

---

[4]Article 44 states, in part, that, "[f]ull power and authority are hereby given and granted to the general court to impose and levy a tax on income in the manner hereinafter provided. Such tax may be at different rates upon income derived from different classes of property, but shall be levied at a uniform rate throughout the commonwealth upon incomes derived from the same class of property. The general court may tax income not derived from property at a lower rate than income derived from property, and may grant reasonable exemptions and abatements."

[5]The plaintiff argues that an employee earning $20,000 a year is required to contribute one one hundred and thirtieth (.75%) of the employee's salary; an employee earning $50,000 a year is required to contribute one twenty-sixth (3.8%) of the employee's salary, and an employee who earns $70,000 per year is required to pay three fifty-seconds (5.8%) of the employee's salary.

First, we look to how the furlough program operates in fact. Section 90 does not result in the raising of new revenue for the Commonwealth. It is simply a decrease in expenditures, a cost-saving mechanism to conserve the amount of capital already in the General Fund. The furlough program does not result in the payment of new funds into the General Fund by State employees, nor does it involve an "exaction." The program is simply a prospective decrease in the amount of funds paid out to compensate State employees.

Second, § 90 does not refer in its language to a "tax" or "assessment." It simply describes the implementation of a program for the purpose of "conserving and utilizing the commonwealth's available monies during this extraordinary period of fiscal constraint." In fact, § 90 (b) describes the furlough program as "a savings in personnel expenditures."

While the Legislature's characterization of the program is not determinative, it will be given deference when the actual operation of the monetary action is consistent with that characterization. In this case, the furlough program is in actuality an expenditure decreasing mechanism. It simply defers the compensensation of the State employees. In light of the actual expenditure decreasing operation of the furlough program, and its characterization by the Legislature, we determine that § 90 does not implement a "tax" on State employees.[6]

Next, the plaintiff argues that the furlough law results in an unconstitutional "taking" of her property, without reasonable compensation, in violation of art. 10.[7] The plaintiff con-

---

[6]Having determined that the furlough law does not result in a tax on State employees, we do not address the plaintiff's constitutional arguments with respect to the graduated nature and discriminatory effect of the program if it had been a tax.

[7]Article 10 of the Massachusetts Declaration of Rights states, in part: "[N]o part of the property of any individual can, with justice, be taken from him, or applied to public uses, without his own consent, or that of the representative body of the people. . . . And whenever the public exigencies require that the property of any individual should be appropriated to public uses, he shall receive a reasonable compensation therefor."

tends that, as a public employee, she has a vested right to the portions of her salary which are being withheld. We disagree.

In deciding whether governmental conduct results in a "taking," we focus on both the character of the action and the extent of the interference with property rights. See *Penn Cent. Transp. Co.* v. *New York City*, 438 U.S. 104, 130-131 (1978); *Moskow* v. *Commissioner of Envtl. Management*, 384 Mass. 530, 533 (1981). Government action does not constitute a "taking" if the plaintiff does not have a property right in the affected property. As we stated in *Flynn* v. *Cambridge*, 383 Mass. 152, 160 (1981), "[c]learly the government is not required to compensate an individual for denying him the right to use that which he has never owned."

In this case, the plaintiff has no employment contract for any definite period of time. Therefore, she does not have a property interest in future wages (for future services) for which the Commonwealth has decided not to pay. *Ossinger* v. *Newton*, 26 Mass. App. Ct. 831, 834 (1989). By enacting the furlough law, the Commonwealth has altered prospectively the terms of the employer-employee relationship. To say that the plaintiff has a property right in the amount of money by which her salary was reduced would be to say that all State employees have a constitutional guarantee that the Commonwealth, acting as employer, may never reduce their pay. This we are not prepared to say.

In *Smith* v. *Commissioner of Mental Retardation*, 409 Mass. 545, 549 (1991), we discussed property rights in the context of procedural due process. In that case, we recognized that, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. . . . Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*, quoting *Regents of State*

*Colleges* v. *Roth*, 408 U.S. 564, 576-577 (1972). We look to this definition by way of analogy.

When the Legislature enacted the furlough law, in effect, it established a new rate of compensation for State employees. The plaintiff, as an at-will employee, was not denied compensation to which she had an entitlement, as she would if the funds taken had been payment for past services. The plaintiff had a mere expectation as to payment from the Commonwealth for future services. She did not have a property interest in her future level of earnings. The Commonwealth, as an at-will employer, was certainly free to temporarily reduce the level of compensation for future services.

In *McCarthy* v. *Sheriff of Suffolk County*, 366 Mass. 779, 782 (1975), we stated as settled law that an office created by the Legislature, and not by the Constitution, may be "regulated, limited, enlarged or terminated by law, as public exigency or policy may require." *Id.*, quoting *Taft* v. *Adams*, 3 Gray 126, 130 (1855). The plaintiff's position was, in a sense, "limited" by the furlough program. Her salary was temporarily reduced. No property interest was violated. Therefore, no invalid "taking" occurred. See *Administrative Justice of the Hous. Court Dep't* v. *Commissioner of Admin.*, 391 Mass. 198, 204 n.4 (1984) (claim by Administrative Justice of the Housing Court challenging a legislative reduction in pay was rejected because a "plaintiff can have no property right or interest in his public salary or public office").

For these reasons, the furlough law does not result in an unconstitutional tax on State employees and it does not violate art. 10 of the Massachusetts Declaration of Rights.