## DRIVE-O-RAMA, INC.[1] *vs.* ATTORNEY GENERAL.

No. 04-P-657.

Barnstable. March 16, 2005. - June 28, 2005.

Present: KANTROWITZ, SMITH, & GRAHAM, JJ.

*Labor,* Wages. *Attorney General.*

General Laws c. 136, § 13, the Holiday Pay Law, which requires employers to pay employees time and one-half if they work on New Year's Day, Columbus Day, or Veteran's Day, applied to a retail store employing persons on those days but claiming exemption under a previously enacted statute, where the Holiday Pay Law made no exception for retailers of any kind, and did not provide for "grandfather" rights. [771-773]

CIVIL ACTION commenced in the Superior Court Department on December 15, 2000.

The case was heard by *Richard F. Connon,* J., on motions for summary judgment.

*Robert C. Chamberlain* for the plaintiff.

*Karla E. Zarbo,* Assistant Attorney General, for the defendant.

GRAHAM, J. The plaintiff, Drive-O-Rama, Inc., doing business as Mill Stores (Mill Stores), appeals from a judgment entered in the Superior Court, granting the Attorney General's motion for summary judgment and declaring that G. L. c. 136, § 13 (Holiday Pay Law),[2] is applicable to Mill Stores. The judgment

---

[1]Doing business as Mill Stores.

[2]General Laws c. 136, § 13, as amended through St. 1989, c. 287, § 58, provides, in pertinent part:

"The provisions of sections five to eleven, inclusive [prohibiting conducting business on Sunday], shall except as provided in section 14 [permitting sporting and other events on holidays], apply to all legal holidays, except [the holidays referenced above], . . .

"Any retail establishment which operates on January first, or November eleventh, the second Monday in October, under the exemption granted by this section, shall pay to those employees working on any of said days, time and

declares that Mill Stores is obligated to pay holiday pay to its nonexempt employees who work on the holidays enumerated in G. L. c. 136, § 13, and that failure to do so violates G. L. c. 149, § 148 (Wage Payment Act). As part of the judgment, Mill Stores was ordered both to comply prospectively with its legal obligations to pay holiday pay and to make payment of back wages due its employees in an amount to be determined following a restitution hearing.

On appeal, Mill Stores contends that the Holiday Pay Law is inapplicable to its business because its stores operate on holidays pursuant to the Sunday law "gift shop" exception contained in G. L. c. 136, § 6(29),[3] which predates the holiday pay requirements of G. L. c. 136, § 13. We affirm.

The facts are not in dispute. Under the Commonwealth's wage and hour laws, including laws that regulate trade and commerce on Sundays and legal holidays, retail establishments may open for business any time on Sundays and on most legal holidays with some restrictions. See G. L. c. 136, §§ 13, 16. These restrictions include the requirement that in certain circumstances retailers pay wages to their nonexempt employees for Sunday or holiday work at one and one-half times their regular hourly wage (this Sunday or holiday pay is also known as premium pay); the law additionally specifies that work performed on those days must be voluntary, and that workers are protected from retaliatory action arising from refusal to work on Sundays or legal holidays. G. L. c. 136, §§ 6(50), 6(52), 13, 16. The statutory requirement for premium pay applies solely to work performed by "nonexempt," typically hourly, employees, as distinguished from exempt bona fide executive, administrative, or professional employees who

one-half, or such larger sum as may be determined by contract; such work shall be voluntary and refusal to work for any retail establishment on such legal holidays shall not be grounds for discrimination, dismissal, discharge, reduction in hours, or any other penalty."

[3]General Laws c. 136, § 6(29), as amended through St. 1979, c. 296, states in pertinent part that G. L. c. 136, § 5, penalizing conducting business on Sunday, shall not prohibit the following: "[t]he sale, at retail, of gifts, souvenirs, antiques, secondhand furniture, handcrafted goods and art goods, in an establishment primarily engaged in the sale of such merchandise, or on the premises of a licensed common victualler."

receive a salary each week regardless of the number of hours of work performed. See G. L. c. 151, § 1A(3).

Mill Stores[4] employs several hundred nonexempt hourly workers at its nine Massachusetts retail locations. These employees work on legal holidays, including New Year's Day, Columbus Day, and Veteran's Day, and at all relevant times, Mill Stores has not paid its workers holiday pay.

This matter arose after an employee complained to the Attorney General that Mill Stores failed to pay holiday pay for work performed on Veteran's Day, 1999. In response to the employee's complaint, the Attorney General notified Mill Stores that it was legally obligated to provide holiday pay to its nonexempt employees for work performed on the holidays referenced in G. L. c. 136, § 13. After disclosing to the Attorney General the appropriate payroll information he had requested, and prior to the Attorney General initiating any enforcement action, Mill Stores filed the declaratory judgment action which forms the basis for this appeal.

*Discussion.* Mill Stores maintains that its authority to open on legal holidays is derived from the Sunday law "gift shop" exemption contained in G. L. c. 136, § 6(29), and further that § 6(29) does not require the payment of time and one-half. It also contends that since the Legislature has treated legal holidays in the same way that it treats Sundays, Mill Stores' exemption under G. L. c. 136, § 6(29), is equally valid for both Sundays and legal holidays; therefore, it is not required to pay holiday pay to any of its workers who work on New Year's Day, Columbus Day, or Veteran's Day.

Significantly, G. L. c. 136, § 6(29), does not authorize any holiday business openings, nor does it permit performance of work on any legal holidays but rather applies only to Sunday openings. The statutory authority that permits Mill Stores, as well as other retailers, to operate on certain enumerated holidays is solely derived from G. L. c. 136, § 13. Moriearty, Adkins, Rubin & Jackson, Employment Law § 14.12-13 (2d ed. 2003).

---

[4]Since approximately 1959, Mill Stores, a Massachusetts corporation, has operated at various locations throughout the Commonwealth, and is engaged in the retail sale of furniture, gifts, souvenirs, handcraft goods, and other general merchandise.

It is clear that pursuant to paragraph two of G. L. c. 137, § 13, an employer must pay its employees time and one-half if they work on New Year's Day, Columbus Day, or Veteran's Day. This unambiguous statutory language manifests the legislative intent to require all retailers to provide holiday pay under G. L. c. 136, § 13. See *Commonwealth* v. *Chavis*, 415 Mass. 703, 708 (1993) ("Where the legislative purpose is expressed in clear statutory language, we must construe the statute in accordance with its terms").

Mill Stores also maintains that since G. L. c. 136, § 6(29), the gift shop exemption to the Sunday opening law, was enacted prior to G. L. c. 136, § 13, second par., the Holiday Pay Law, Mill Stores has a pre-existing right to avoid the requirement to pay holiday pay. This argument is unsupported.

In 1962, the Legislature repealed the existing Sunday closing laws and enacted a complete revision of those laws for the purpose of preserving the original legislative goals while taking into account changing mores. See St. 1962, c. 616, § 2; 1962 Senate Doc. No. 404 at 3, 33-38, 45-48; *Zayre Corp.* v. *Attorney Gen.*, 372 Mass. 423, 430-431 (1977).

Prior to 1962, business openings were restricted to certain holidays.[5] See 1962 Senate Doc. No. 404 at 31-33. Under the 1962 revisions, businesses could open on Presidents Day, Evacuation Day, Patriot's Day, and Bunker Hill Day. St. 1962, c. 616, § 2. Later, Veteran's Day was added by St. 1972, c. 271, § 2, with a requirement that employers provide holiday pay for that day. In 1988, the Holiday Pay Law was amended to apply to "retail establishments" operating on holidays enumerated in G. L. c. 136, § 13 (New Year's Day, Columbus Day, and Veteran's Day). St. 1988, c. 311, § 3.

When the Legislature amends an existing statute by changing some of its provisions, the revised portions and the earlier

---

[5]See, e.g., G. L. c. 4, § 7, Eighteenth (1956) (openings permitted on Memorial Day, Veteran's Day, and Columbus Day for retailers); St. 1960, c. 812, § 3, enacting G. L. c. 136, §§ 33-37 (1960) (permitting openings on Columbus Day, Presidents Day, Patriot's Day, Evacuation Day, Bunker Hill Day, and on Memorial Day only for florists); St. 1961, c. 338, § 1, amending G. L. c. 136, § 33 (prohibiting openings New Year's Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, and Christmas Day).

unchanged portions must be read as if all the provisions were enacted as together. See *Commonwealth* v. *Connor C.*, 432 Mass. 635, 640 (2000). In 1988, when the Legislature amended G. L. c. 136, § 13, to include a provision requiring retailers to provide holiday pay, the revision made no exception for retailers of any kind, nor did it provide for "grandfather" rights. See e.g., G. L. c. 40A, § 6 (express language grandfathers zoning amendments); G. L. c. 131, § 40 (express provision grandfathers certain projects affecting wetlands protections). The absence of such express language from the holiday pay requirement shows that the Legislature did not intend to create any such exemption.

*Judgment affirmed.*