Salinger, Kenneth W., J.
Plaintiffs claim that they and other employees of Triton Technologies, Inc., are owed unpaid wages. Part of their claim, in Count III of the complaint, is that Triton breached its statutory obligation, as a business that sells goods at retail, to pay employees who work on Sunday “one and one-half times the employee’s regular rate.” See G.L.c. 136, §6(50). Defendants move to dismiss Count III under Mass.R.Civ.P. 12(b)(1) and 12(b)(6). They argue that Plaintiffs lack standing to bring this claim, and the Court therefore lacks subject matter jurisdiction to hear it, because the Legislature did not create any private right of action to enforce the Sunday pay statute. This framing of the issues is not quite right; the jurisdictional question of whether a plaintiff has standing is separate and distinct from whether they have stated a viable claim. In any case, both parts of Defendants’ argument are without merit. The Legislature created a private right of action under the Wage Act to enforce all of an employer’s legal obligations to pay wages earned by an employee. That right of action encompasses claims for non-payment of extra wages earned by working on a Sunday. And Plaintiffs have standing because they are seeking payment of wages they say are owed but have not been paid by Triton.
1. Framing the Issues
Defendants mistakenly conflate the question of whether there is a private right of action to recoup unpaid Sunday premium pay with the separate issue of whether particular plaintiffs have standing to assert, and thus a court has the power to resolve, such a claim against a particular defendant.
Whether a complaint states a cognizable cause of action goes to the ultimate merits of the claim. If a plaintiff asserts a statutory rather than a common-law claim, as in this case, a motion to dismiss on the ground that the plaintiff has no valid cause of action is still an assertion that the plaintiff has not alleged facts plausibly suggesting that the plaintiff is entitled to relief. See Swartz v. Department of Banking and Ins., 376 Mass. 593, 600 (1978); Whitehall Co. Ltd. v. Merrimack Valley Distributing, 56 Mass.App.Ct. 853, 853-56 (2002). Indeed, the specific question raised by this motion to dismiss — whether an employee can bring a private right of action under the Wage Act to enforce a duly created to employees created by some other statute — concerns a Rule 12(b)(6) issue of whether the plaintiff has stated a viable claim. See Massachusetts State Police Commissioned Officers Ass’n v. Commonwealth, 462 Mass. 219, 220-21 (2012). And if a claim is dismissed under Rule 12(b)(6) that will “operate! ] as a dismissal on the merits with *175 res judicata effect,” thereby barring the plaintiff from ever reasserting claim. Mestek, Inc. v. United Pacific Ins. Co., 40 Mass.App.Ct. 729, 731, rev. denied, 423 Mass. 1108 (1996), quoting Isaac v. Schwartz, 706 F.2d 15, 17 (1st Cir. 1983).
In contrast, a challenge to standing, like all questions of subject matter jurisdiction, “goes to the power of the court to hear and decide the matter.” Ginther v. Commissioner of Ins., 427 Mass. 319, 322 n.6 (1998). “[A] plaintiff must establish standing in order for a court to decide the merits of a dispute or claim.” HSBC Bank USA, N.A. v. Matt, 464 Mass. 193, 199 (2013). A dismissal on the ground that the plaintiff lacks standing therefore resolves only one issue, “the absence of subject matter jurisdiction” over that particular claim; it “is not an adjudication on the merits” and does not bar the same plaintiff from bringing other claims regarding the same dispute. Bevilacqua v. Rodriguez, 460 Mass. 762, 779-80 (2011).
Defendant’s assertion that Plaintiffs lack standing because they have no private right of action to enforce the Sunday premium pay statute “confuses the merits of the plaintiffs’ claim with the standing inquiry.” See Cayuga Nation v. Tanner, 824 F.3d 321, 332 (2d Cir. 2016). “The threshold question whether [a plaintiff] has standing is different than the ultimate merit of [its] allegations.” Hoffman v. Bd. of Zoning Appeal of Cambridge, 74 Mass.App.Ct. 804, 809, rev. denied, 455 Mass. 1104 (2009). Thus, “the existence of a private right of action is an issue ‘separate and distinct’ from the issue of standing . . . and ‘is not jurisdictional.’ ” Mulhall v. UNITE HERE Local 355, 618 F.3d 1279, 1293 (11th Cir. 2010), quoting The Wilderness Society v. Kane County, Utah, 581 F.3d 1198, 1215 (10th Cir. 2009), and Northwest Airlines, Inc. v. County of Kent, Michigan, 510 U.S. 355, 365 (1994); accord, e.g., National R.R. Passenger Corp. v. National Ass’n of R.R. Passengers, 414 U.S. 453, 455-56 & 465 n.13 (1974); Louisiana Landmarks Soc., Inc. v. City of New Orleans, 85 F.3d 1119, 1122 n.3 (5th Cir. 1996); Liberty Nat. Ins. Holding Co. v. Charter Co., 734 F.2d 545, 553 n. 19 (11th Cir. 1984).
2. Private Right of Action
The statutory right of action created under the Wage Act encompasses claims that an employee who worked on a Sunday has not been paid the higher wage required under G.L.c. 136, §6(50). Defendants’ assertion that Plaintiffs have no private right of action to enforce the Sunday pay law is therefore without merit.
The Massachusetts Wage Act imposes a statutory obligation upon employers to make timely payment of all wages earned by their employees. It provides that “[e]very person having employees in his service shall pay weekly or biweekly each such employee the wages earned by him . . .” G.L.c. 149, §148. “When an employee ‘has completed the labor, service, or performance required of him... he has ’’earned" his wage.’ “ Fernandes v. Attleboro Hous. Auth., 470 Mass. 117, 125 n.6 (2014), quoting Awuah v. Coverall N. Am, Inc., 460 Mass. 484, 492 (2011). ’’The purpose of the Wage Act is ‘to prevent the unreasonable detention of wages.’ “ Melia v. Zenhire, Inc., 462 Mass. 164, 170 (2012), quoting Boston Police Patrolmen’s Ass’n v. City of Boston, 435 Mass. 718, 720 (2002).
The Wage Act requires prompt payment of all wages earned by an employee, including higher wages earned underG.L.c. 136, §6(50), for work on Sundays. Section 148 applies to all wages earned, whether the obligation to pay the wage is solely a function of a private contractual arrangement or arises in whole or in part under a statute. A failure to pay one and one-half times an employee’s regular wage when such bonus pay is required by statute is therefore a violation of the Wage Act. See Drive-O-Rama, Inc. v. Attorney General, 63 Mass.App.Ct. 769, 769-70 (2005) (failure to pay time and a half for work on legal holidays, as required by G.L.c. 136, §13, violated the Wage Act).
The Legislature has expressly authorized employees to sue their employer for violating the Wage Act by not paying earned wages. Under G.L.c. 149, §150, “[a]n aggrieved employee has a private cause of action to recover ‘wages’ wrongfully withheld or detained by the employer.” Fraelick v. PerkettPR, Inc., 83 Mass.App.Ct. 698, 704-05 (2013). The Legislature amended §150 in 1993 to “authorize[e] a private right of action, including provisions for treble damages and attorneys fees and costs.” Lipsitt v. Plaud, 466 Mass. 240, 246 (2013).
Since Plaintiffs have an explicit right to sue for violations of the Wage Act, and failure to pay wages for work on Sundays as required by G.L.c. 136, §6(50), is a violation of the Wage Act, the private right of action created by G.L.c. 149, §149, allows Plaintiffs to sue for non-payment of the higher wages they claim to have earned for working on Sundays.
It is irrelevant that Plaintiffs may not be able to enforce other aspects of the statute that governs commercial operations on Sundays. Defendants correctly note that Plaintiffs could not seek an injunction barring an employer from doing business on Sundays in violation of the so-called blue laws, because that enforcement power is reserved by statute to the Attorney General. See Local 1445, United Food & Commercial Workers Union v. Police Chief of Natick, 29 Mass.App.Ct. 554 (1990), rev. denied, 409 Mass. 1102 (1991). But that is beside the point. Plaintiffs are not seeking an injunction that would force Triton not to open on Sundays. They are seeking payment of wages earned by working on a Sunday. Plaintiffs may do so by asserting a cause of action under G.L.c. 149, §150.
3. Standing
To the extent that Defendants are actually challenging Plaintiffs’ standing, rather than merely seeking dismissal on the theory that Plaintiffs have not stated a claim for Sunday pay upon which relief can be *176 granted, that part of the motion to dismiss is without merit as well.
Where a defendant asserts that the allegations of a complaint demonstrate that the plaintiff has no standing, that motion will fail if the facts alleged in the complaint plausibly suggest that the defendant owed a legal duly to the plaintiff, breached that duty, and the plaintiff suffered injuiy as a result; breach of legal duty causing injuiy is generally all that is needed to have standing. See Sullivan v. Chief Justice for Admin. & Mgmt. of the Trial Court, 448 Mass. 15, 21-23 (2007).
The allegations of the complaint show that Plaintiffs and the putative class members have standing to assert their Sunday wage claim. Plaintiffs have alleged facts plausibly suggesting that Triton owed a duty to pay Plaintiffs one and one-half times their regular hourly wage when they worked on Sunday, that Triton breached that duly, and that Plaintiffs and the putative class members were injured as a result. They have also alleged facts plausibly suggesting that the individual Defendants are personally liable for Triton’s alleged breach of the Wage Act. Cf. G.L.c. 149, §148 (“officers or agents having the management” of corporation “shall be deemed to be the employers of the corporation” for purposes of Wage Act); Cook v. Patient Edu., LLC, 465 Mass. 548, 549, (2013) (under §148, corporate officer or manager “who ‘controls, directs, and participates to a substantial degree in formulating and determining’ the financial policy of a business entity” is personally liable for non-payment of wages (quoting Wiedmann v. The Bradford Group, Inc., 444 Mass. 698, 711 (2005)). Nothing more is required to show that Plaintiffs have standing to assert the Sunday wage claim set forth in Count III of the complaint.
ORDER
Defendants’ partial motion to dismiss Count III is DENIED.