MASSACHUSETTS STATE POLICE COMMISSIONED OFFICERS
ASSOCIATION & others[1] *vs.* COMMONWEALTH & others.[2]

Suffolk. January 3, 2012. - May 11, 2012.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*State Police. Public Employment,* Police, Mandatory furlough program. *Massachusetts Wage Act. Declaratory Relief.*

In a civil action brought by representatives of State police officers whose rank is lieutenant or captain (plaintiffs), arising from the Governor's ordering all managerial employees in the executive branch to take a prescribed number of unpaid furlough days during fiscal year 2010, the judge properly dismissed the complaint, where the plaintiffs' claims did not come within the zone of interests arguably protected by the public employees collective bargaining statute, in that the unambiguous language of G. L. c. 150E, § 3, excludes from its scope of protection State police officers whose rank is lieutenant or captain [221-224]; and where the plaintiffs had no cause of action pursuant to G. L. c. 149, §§ 148 and 150, to recover wages wrongfully withheld, in that the plaintiffs had no property interest in future wages but only an expectation as to payment from the Commonwealth for future services, and a prospective reduction in the number of days to be worked did not deprive the plaintiffs of any wages "earned" [224-226].

CIVIL ACTION commenced in the Superior Court Department on December 23, 2009.

A motion to dismiss was heard by *Christine M. Roach*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Timothy M. Burke* for the plaintiffs.

*Daniel J. Hammond*, Assistant Attorney General, for the defendants.

IRELAND, C.J. The plaintiffs commenced an action in the

[1]Lieutenant William K. Lewis, Jr., individually and as representative for past and present members of the rank of lieutenant and detective lieutenant; and Captain Michael Drummy, individually and as representative for past and present members of the rank of captain and detective captain.

[2]The Department of State Police and the division of human resources of the Executive Office for Administration and Finance.

Superior Court, claiming that the defendants wrongfully subjected them to a mandatory furlough plan that was ordered by the Governor. A Superior Court judge allowed the defendants' motion to dismiss the complaint. The plaintiffs appealed, and we transferred the case here on our own motion. Because we conclude that the plaintiffs failed to offer a valid statutory basis to challenge the implementation of the furlough plan, we affirm.

*Facts and background.* The essential facts are not in dispute. On October 15, 2009, the Governor, acting on his authority pursuant to G. L. c. 29, § 9C, announced a mandatory furlough plan that required all managerial employees in the executive branch to take a prescribed number of unpaid furlough days during fiscal year 2010.[3] The division of human resources (division) of the Executive Office for Administration and Finance subsequently issued a memorandum to affected agencies that provided guidelines to determine whether an employee was to be considered a "manager" for purposes of the furlough plan. Pursuant to the division's guidelines, the Department of State Police (State police) determined that "manager" encompassed all uniformed officers holding the rank of lieutenant and higher.

In their second amended complaint, the plaintiffs sought declaratory relief, pursuant to G. L. c. 231A, and injunctive relief, pursuant to Mass. R. Civ. P. 65, 365 Mass. 832 (1974), alleging that, pursuant to the public employees collective bargaining statute, G. L. c. 150E, § 1, they were incorrectly identified as "managers," and, therefore, the furlough plan was improperly imposed on them. They also sought monetary relief, pursuant to G. L. c. 149, §§ 148 and 150, alleging that the furlough plan deprived them of "earned" wages.

The defendants moved to dismiss, pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), on the grounds that G. L. c. 150E provided the plaintiffs with no cause of action to obtain

---

[3]The plaintiffs do not contest that the Governor has authority to implement a furlough plan, pursuant to G. L. c. 29, § 9C. Indeed, the Governor has the authority to reduce allotments for certain expenditures made to State agencies under the control of the executive branch. See G. L. c. 29, §§ 9B, 9C. See also *New England Div. of the Am. Cancer Soc'y* v. *Commissioner of Admin.*, 437 Mass. 172, 182-184 (2002) (discussing G. L. c. 29, § 9C, as constitutional delegation of legislative authority, "conform[ing] to the constitutional requirement for a balanced budget").

the requested relief, and that the plaintiffs' argument pursuant to G. L. c. 149, §§ 148 and 150, failed as a matter of law. A non-evidentiary hearing was held in June, 2010. During the hearing, the plaintiffs additionally alleged that the deprivation of "earned" wages pursuant to G. L. c. 149, § 148, violated their entitlement to a set salary pursuant to G. L. c. 22C, § 28A. A judge in the Superior Court allowed the defendants' motion to dismiss, finding that the plaintiffs did not have a valid cause of action because none of the statutes on which the plaintiffs relied applied to the furlough plan. The plaintiffs appealed.

*Discussion.* "We review the allowance of a motion to dismiss de novo." *Curtis* v. *Herb Chambers I-95, Inc.*, 458 Mass. 674, 676 (2011), citing *Harhen* v. *Brown*, 431 Mass. 838, 845 (2000). "We accept as true the allegations in the complaint and draw every reasonable inference in favor of the plaintiff." *Curtis* v. *Herb Chambers I-95, Inc.*, *supra*, citing *Warner-Lambert Co.* v. *Execuquest Corp.*, 427 Mass. 46, 47 (1998). "We consider whether the factual allegations in the complaint are sufficient, as a matter of law, to state a recognized cause of action or claim, and whether such allegations plausibly suggest an entitlement to relief." *Dartmouth* v. *Greater New Bedford Regional Vocational Tech. High Sch. Dist.*, 461 Mass. 366, 374 (2012), citing *Iannacchino* v. *Ford Motor Co.*, 451 Mass. 623, 636 (2008).

The plaintiffs argue, as they did below, that G. L. c. 150E provides them with the statutory basis to seek declaratory relief against the application of the furlough plan. The plaintiffs also invoke G. L. c. 149, §§ 148 and 150, and G. L. c. 22C, § 28A, to seek monetary reimbursement for wages lost because of the furlough plan. The defendants argue that the statutes on which the plaintiffs rely do not furnish the plaintiffs with any valid cause of action. We agree.

1. *Declaratory relief pursuant to G. L. c. 150E.* At oral argument, the plaintiffs conceded that they do not have explicit rights pursuant to G. L. c. 150E. Those statutory rights and protections are limited to officers *below* the rank of lieutenant; the statute does not cover the plaintiff lieutenants and captains here.[4] See G. L. c. 150E, § 3 ("bargaining unit in . . . the state

---

[4]There is no dispute that a captain is above the rank of lieutenant.

police shall be all such uniformed members in titles below the rank of lieutenant").

Nevertheless, they assert that they have a cause of action pursuant to G. L. c. 150E to challenge the implementation of the furlough plan. They argue, in essence, that the purpose of the statute is to establish the rights, rules, and obligations of all public employees and employers. Therefore, they contend that the definition of "managerial employees" pursuant to G. L. 150E, § 1, applies to them as public employees, and the defendants violated the statute by defining "manager" in a manner different from G. L. c. 150E, § 1. We are not persuaded.

In order for a court to entertain a petition for declaratory relief pursuant to G. L. c. 231A, a plaintiff must, in relevant part, "demonstrate the requisite legal standing to secure [the] resolution [of an actual controversy]." *Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.*, 373 Mass. 290, 292 (1977). However, G. L. c. 231A, by itself, does not provide an independent statutory basis for standing.[5] *Indeck Me. Energy, LLC* v. *Commissioner of Energy Resources*, 454

---

[5]General Laws c. 231A, § 1, provides, in relevant part:

"The supreme judicial court, the superior court, the land court and the probate courts, within their respective jurisdictions, may on appropriate proceedings make binding declarations of right, duty, status and other legal relations sought thereby, either before or after a breach or violation thereof has occurred in any case in which an actual controversy has arisen and is specifically set forth in the pleadings and whether any consequential judgment or relief is or could be claimed at law or in equity or not; and such proceeding shall not be open to objection on the ground that a merely declaratory judgment or decree is sought thereby and such declaration, when made, shall have the force and effect of a final judgment or decree and be reviewable as such; provided, that nothing contained herein shall be construed to authorize the change, extension or alteration of the law regulating the method of obtaining service on, or jurisdiction over, parties or affect their right to trial by jury."

The plaintiffs assert that the following language of G. L. c. 231A, § 2, is also relevant:

"Said procedure under [§ 1] may be used in the superior court to enjoin and to obtain a determination of the legality of the administrative practices and procedures of any municipal, county or state agency or official which practices or procedures are alleged to be in violation of the Constitution of the United States or of the constitution or laws of

Mass. 511, 516-517 (2009), citing *Enos* v. *Secretary of Envtl. Affairs*, 432 Mass. 132, 135 (2000). To establish standing, the alleged injury must be "within the area of concern" of the statute. *Indeck Me. Energy, LLC* v. *Commissioner of Energy Resources*, *supra* at 517, quoting *Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.*, *supra* at 293.

"We decide whether standing exists by examining several considerations, including the language of the statute [and] the Legislature's intent and purpose in enacting [it] . . . ." *Indeck Me. Energy, LLC* v. *Commissioner of Energy Resources*, *supra* at 517-518, citing *Enos* v. *Secretary of Envtl. Affairs*, *supra* at 135-136. See *Loffredo* v. *Center for Addictive Behaviors*, 426 Mass. 541, 543 (1998) ("a clear legislative intent is necessary to infer a private cause of action from a statute"). Pursuant to the unambiguous language of G. L. c. 150E, § 3, the statute excludes from its scope of protection State police officers whose rank is lieutenant or captain.[6]

In addition, although the definition of "manager" in the division's guidelines contains some similarity to the definition of "managerial employees,"[7] pursuant to the plain language of

the commonwealth, or are in violation of rules or regulations promulgated under the authority of such laws, which violation has been consistently repeated; provided, however, that this section shall not apply to the governor and council or the legislative and judicial departments. For the purpose of this section practices or procedures mean the customary and usual method of conducting municipal, county, state agency or official business."

[6]Furthermore, G. L. c. 150E, § 11, requires that plaintiffs first seek administrative remedies with the department of labor relations before filing a complaint.

[7]A copy of the guidelines of the division of human resources (division) of the Executive Office for Administration and Finance was not included in the record submitted on appeal. The plaintiffs assert, and the defendants do not dispute, that according to the guidelines, an employee is qualified as a "manager" if the duties and responsibilities include the following:

"1. 'direct participation in the development of policy;' 2. 'leading or directing administrative or line organizational . . . functions or programs;' 3. 'overseeing or controlling financial operations;' and 4. 'participating to a substantial degree in the collective bargaining process.' "

In contrast, G. L. c. 150E, § 1, provides, in relevant part:

"Employees shall be designated as managerial employees only if

G. L. c. 150E, § 1, the definition of "managerial employees" is applicable *only* to G. L. c. 150E.[8] Moreover, the statute protects the rights of public employees specifically *to self-organize and to bargain collectively*. See G. L. c. 150E, § 2. As the judge noted in her written decision, there is nothing in G. L. c. 150E to suggest that the Legislature intended to incorporate any and all issues affecting public employees or the terms of their employment in its purview, much less to constrain the executive branch's discretion regarding state budgets and furlough plans pursuant to G. L. c. 29, § 9C. In short, the plaintiffs' claims do not come within the " 'zone of interests' arguably protected by" G. L. c. 150E. *Enos* v. *Secretary of Envtl. Affairs, supra* at 135, quoting *Penal Insts. Comm'r for Suffolk County* v. *Commissioner of Correction*, 382 Mass. 527, 532 (1981).[9] There was no error.[10]

*2. Monetary relief pursuant to G. L. c. 149, § 148, and G. L. c. 22C, § 28A.* Employers are required to pay "earned" wages to their employees, and employees have a cause of action to recover wages wrongfully withheld. G. L. c. 149, §§ 148 and

---

they (*a*) participate to a substantial degree in formulating or determining policy, or (*b*) assist to a substantial degree in the preparation for or the conduct of collective bargaining on behalf of a public employer, or (*c*) have a substantial responsibility involving the exercise of independent judgment of an appellate responsibility not initially in effect in the administration of a collective bargaining agreement or in personnel administration."

[8]General Laws c. 150E, § 1, provides, in relevant part: "The following words and phrases as used in *this* chapter shall have the following meaning . . ." (emphasis added).

[9]In the Superior Court, the plaintiffs also sought injunctive relief, pursuant to Mass. R. Civ. P. 65, 365 Mass. 832 (1974), but they do not pursue this claim on appeal. In any event, the plaintiffs' reliance on rule 65 has no merit because rule 65 establishes a procedure for seeking an injunction that requires a separate legal basis. Because the plaintiffs do not fall under the protection of G. L. c. 150E, they cannot use rule 65 to obtain injunctive relief. See *Loffredo* v. *Center for Addictive Behaviors*, 426 Mass. 541, 546-547 (1998) (affirming judge's dismissal of plaintiff's claim for injunctive relief, where no private cause of action existed).

[10]Because we conclude that the plaintiffs do not have standing pursuant to G. L. c. 150E, we need not address their argument that the defendants misapplied both the division's guidelines and G. L. c. 150E, § 1, because lieutenants and captains do not perform any of the functions listed in the definitions of "managerial employees" and "manager."

150.[11] The plaintiffs claim that their rank of lieutenant or captain gives them the right to payment of a set salary pursuant to G. L. c. 22C, § 28A,[12] and that this right falls within the meaning of "earned" wages pursuant to G. L. c. 149, § 148. In essence, they argue that they have a property interest in their salary pursuant to G. L. c. 22C, § 28A, which the furlough plan violated by depriving them of their "earned" wages.

The defendants contend that the plaintiffs misinterpret G. L. c. 149, § 148, arguing that the right to payment of "earned" wages is secured by virtue of work or service actually performed. They further argue that, in the circumstances here, the plaintiffs did not "earn[]" the money to which they claim they are entitled pursuant to G. L. c. 22C, § 28A, because the furlough plan applied prospectively and did not force the plaintiffs to forfeit retrospectively any wages "earned" from days they had already worked. We agree.[13]

The plaintiffs have not demonstrated that G. L. c. 22C, § 28A,

[11]Pursuant to G. L. c. 149, § 148, an employer must pay an employee "the wages earned" by the employee at regular intervals and within a set number of days after "the termination of the pay period during which the wages were earned."

Pursuant to G. L. c. 149, § 150, an employee who claims to be aggrieved by a violation of § 148 may "institute and prosecute . . . a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits," including "treble damages, as liquidated damages, for any lost wages and other benefits."

[12]General Laws c. 22C, § 28A, provides, in relevant part:

> "[E]ach officer in grade of lieutenant in the department of state police shall receive a base salary of fifteen point five percent greater than the regular salary payable to the next subordinate grade and all other commissioned officers and staff officers shall receive a base salary nine percent greater than the regular salary payable to the next subordinate grade, in accordance with a schedule submitted by the commissioner of administration to the house and senate committees on ways and means. The commissioner of administration in consultation with the colonel of state police shall establish procedures for a review of said salary schedule and shall submit recommendations for adjustments in subsequent years to the house and senate committees on ways and means."

[13]The defendants also contend that the plaintiffs' claim regarding their right to payment pursuant to G. L. c. 22C, § 28A, is waived because the plaintiffs failed to plead it in their second amended complaint. We need not decide this issue of waiver because, in any event, the plaintiffs' argument has no merit.

confers a property interest in their salary, or that the word "earned," for purposes of G. L. c. 149, § 148, incorporates future payments of their salary pursuant to G. L. c. 22C, § 28A. We have held that Commonwealth at-will employees, like the plaintiffs, "do[] *not* have a property interest in future wages (for future services) for which the Commonwealth has decided not to pay"; rather, they have a "mere expectation as to payment from the Commonwealth for future services" (emphasis added). *German* v. *Commonwealth*, 410 Mass. 445, 450-451 (1991). See *Administrative Justice of the Hous. Court Dep't* v. *Commissioner of Admin.*, 391 Mass. 198, 204 n.4 (1984) ("plaintiff can have no property right or interest in his public salary or public office").

In addition, although the word "earned" pursuant to G. L. c. 149, § 148, is not defined, its plain and ordinary meaning is "[t]o acquire by labor, service or performance." *Awuah* v. *Coverall N. Am., Inc.*, 460 Mass. 484, 492 (2011), quoting Black's Law Dictionary 584 (9th ed. 2009). "Where an employee has *completed* the labor, service, or performance required of him, therefore, according to common parlance and understanding he has 'earned' his wage" (emphasis added). *Awuah* v. *Coverall N. Am., Inc.*, supra. Accordingly, we conclude that a prospective reduction in the number of days to be worked does not deprive the plaintiffs of any wages "earned." In these circumstances, the plaintiffs do not fall within the " 'zone of interests' arguably protected by" G. L. c. 149, §§ 148 and 150. *Enos* v. *Secretary of Envtl. Affairs, supra.*

*Conclusion.* For the reasons set forth above, we conclude that the judge properly dismissed the plaintiffs' complaint.

*Judgment affirmed.*