NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

13-P-1630                                        Appeals Court

PAUL SHEA  vs.  FEDERAL NATIONAL MORTGAGE ASSOCIATION & others.[1]


No. 13-P-1630.      February 18, 2015.


Real Property, Mortgage.  Assignment.  Mortgage, Real estate, Assignment, Foreclosure.  Practice, Civil, Motion to dismiss.


At issue is whether a judge properly dismissed[2] the plaintiff's claims[3] attacking the validity of a mortgage

---

[1] Mortgage Electronic Registration Systems, Inc.; One West Bank, FSB; and Harmon Law Offices, P.C.

[2] We see no merit in the plaintiff's contention that the judge improperly, and sub silentio, converted the motion into one for summary judgment.  Without converting the motion into one for summary judgment, the judge was permitted to take into account "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000), quoting from 5A Wright & Miller, Federal Practice & Procedure § 1357, at 299 (1990).  See Mass.R.Civ.P. 12(b), 365 Mass. 754 (1974).  See also Golchin v. Liberty Mut. Ins. Co., 460 Mass. 222, 224 (2011).  Here the relevant documents were attached as exhibits to the complaint.

[3] This is in essence an action to quiet title, although the plaintiff's complaint asserts claims for (1) unfair debt collection practices under 15 U.S.C. §§ 1692(a) et seq.; (2) unfair debt collection practices under G. L. c. 93, §§ 49 et seq.; (3) trespass; (4) intentional infliction of emotional

foreclosure to which Eaton v. Federal Natl. Mort. Assn., 462 Mass. 569 (2012), does not apply.[4]  The plaintiff contends that the foreclosure was void because the mortgage was not validly assigned to OneWest Bank FSB (OneWest), the foreclosing mortgagee.  He argues that the assignment was invalid because (1) the assignor never held the underlying note, and (2) the assignment was not specifically authorized by the owner of the debt.[5]  We affirm.[6]

Background.[7]  The plaintiff (and another person who is not a party to this case) purchased the property at issue in April 2005.  In 2007, as part of a refinancing of the property, the plaintiff granted a mortgage to IndyMac Bank, FSB (IndyMac) to secure a loan in the amount of $281,600.  In pertinent part, the 2007 mortgage contained the following provisions.

The mortgage defines IndyMac, which is the owner of the debt, as the "Lender."  The mortgage defines Mortgage Electronic

---

distress; (5) declaratory relief; and (6) an action to quiet or establish title under G. L. c. 240, § 6.

[4] Eaton v. Federal Natl. Mort. Assn., supra at 589, applies "only to mortgage foreclosure sales for which the mandatory notice of sale has been given after" June 22, 2012.  Here, the foreclosure was completed in 2011.  In Galiastro v. Mortgage Electronic Registration Sys., Inc., 467 Mass. 160, 161 (2014), the Supreme Judicial Court extended the Eaton holding to cases "in which the issue was preserved and an appeal was pending in the Appeals Court on June 22, 2012, the date of the rescript in Eaton."  This case was entered on the Appeals Court docket on October 11, 2013.

[5] The plaintiff agrees that all of his claims rise and fall on the two points he raises here.

[6] Our review is de novo.  See, e.g., Massachusetts State Police Commissioned Officers Assn. v. Commonwealth, 462 Mass. 219, 221 (2012).

[7] The facts are drawn from the well-pleaded allegations of the complaint, which we accept, arguendo, to have been verified, although it is not clear from the record that a signature page verifying the complaint was filed contemporaneously with it.  Nothing in our decision turns on whether the complaint was properly verified.

Registration System, Inc. (MERS), as "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument" (emphasis in original).

A section entitled "TRANSFER OF RIGHTS IN THE PROPERTY" provides that the mortgage secures both the repayment of the loan and the borrower's performance of covenants and agreements to the Lender. That section continues as follows:

> "Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale . . . .

> . . .

> "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." (Emphasis supplied.)

On November 11, 2009, MERS assigned the mortgage to OneWest, which, after other events we set out in the margin,[8] foreclosed the property under its power of sale. OneWest then assigned its successful bid to the Federal National Mortgage Association (Fannie Mae) and conveyed the property to Fannie Mae by foreclosure deed on October 21, 2011.

Discussion. The plaintiff argues that the assignment from MERS to OneWest was void for two reasons.[9] First, he contends

---

[8] OneWest, acting through the Harmon Law Offices, P.C. (Harmon), began foreclosure proceedings by filing a complaint in the Land Court in November 2009. Judgment entered on the Land Court complaint on March 23, 2010. On June 16, 2011, OneWest, through Harmon, sent the plaintiff a notice of the mortgage foreclosure sale and of deficiency.

[9] Because the plaintiff here argues that the assignment to OneWest was void (not merely voidable), he has standing. See

that, despite the fact that the mortgage provides that "MERS is the mortgagee under this Security Instrument" and that MERS holds "legal title to the interests granted by Borrower in this Security Instrument," MERS did not obtain the status of mortgagee because MERS never held the note.  We have recently rejected this precise argument in Sullivan v. Kondaur Capital Corp., 85 Mass. App. Ct. 202, 210 (2014), where we stated that "[n]othing in Massachusetts law requires a foreclosing mortgagee to demonstrate that prior holders of record legal interest in the mortgage also held the note at the time each assigned its interest in the mortgage to the next holder in the chain." MERS's interest as mortgagee was not "inherently invalid because it was separated from ownership of the underlying debt."  Ibid.

Second, we are equally unpersuaded by the plaintiff's argument that the assignment to OneWest was void because MERS did not receive specific authorization from IndyMac (the note holder) before executing the assignment.[10]  Under our law, "a mortgage and the underlying note can be split."  Eaton v. Federal Natl. Mort. Assn., supra at 576.  Although the note holder possesses an equitable right to demand and obtain an assignment of the mortgage, U.S. Bank Natl. Assn. v. Ibanez, 458 Mass. 637, 652 (2011), "[a]bsent a provision in the mortgage

_____

Sullivan v. Kondaur Capital Corp., 85 Mass. App. Ct. 202, 205-206 (2014) (mortgagor had standing to challenge the foreclosing entity's chain of legal title); Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 291 (1st Cir. 2013) (mortgagor had standing to raise claim "premised on the notion that MERS never properly held the mortgage and, thus, had no interest to assign").  A mortgagor's standing to challenge the assignment of his or her mortgage is limited to those defects that render the assignment void, not merely voidable.  The Bank of N.Y. Mellon Corp. v. Wain, 85 Mass. App. Ct. 498, 502 (2014).  In other words, the mortgagor's challenge must contest the foreclosing entity's status as mortgagee.  "[A] mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title."  Culhane v. Aurora Loan Servs. of Neb., supra.

[10] The argument appears to be based on a misreading of Eaton, which held prospectively that in order to foreclose, the foreclosing mortgagee must either hold the note or act as an authorized agent for the note holder.  Eaton v. Federal Natl. Mort. Assn., supra at 586.

instrument restricting transfer[,] . . . a mortgagee may assign its mortgage to another party." Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 292 (1st Cir. 2013). In other words, despite IndyMac's right (as note holder) to demand and obtain an assignment of the mortgage in order to enforce its security interest and collect the debt, MERS (as mortgagee) retained the right to assign the mortgage unilaterally absent any restriction in the mortgage document.[11] No restriction appears in the mortgage at issue here.

The motion to dismiss was properly allowed.

Judgment affirmed.

Thomas B. Vawter for the plaintiff.
Marissa I. Delinks for Federal National Mortgage Association.
Scott C. Owens for Harmon Law Offices, P.C.

---

[11] Of course, any assignment of the mortgage requires a writing signed by the grantor, G. L. c. 183, § 3, and must otherwise comply with the requirements of G. L. c. 183, § 54B.