NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12515

JILLIAN CALIXTO[1] & another[2] vs. HEATHER COUGHLIN & others.[3]


Middlesex.     November 8, 2018. - December 28, 2018.

Present:  Gants, C.J., Gaziano, Lowy, Budd, Cypher, & Kafker,
JJ.


Massachusetts Wage Act.  Damages, Breach of fiduciary duty.
Practice, Civil, Motion to dismiss.


Civil action commenced in the Superior Court Department on
October 11, 2016.

A motion to dismiss was heard by Maynard M. Kirpalani, J.

The Supreme Judicial Court granted an application for
direct appellate review.


Nicholas J. Rosenberg for the plaintiffs.
David G. Thomas (Mian R. Wang also present) for the
defendants.

_____

[1] Individually and on behalf of all others similarly
situated, and derivatively on behalf of ISIS Parenting, Inc.

[2] Kathryn Reynolds, individually and on behalf of all others
similarly situated, and derivatively on behalf of ISIS
Parenting, Inc.

[3] Heather Coughlin, Peter Delahunt, Gregg Dion, and S.
Brendan Coughlin.

The following submitted briefs for amici curiae:
<u>Christopher H. Lindstrom</u> & <u>Matthew P. Ritchie</u> for Greater Boston Chamber of Commerce.
<u>Ben Robbins</u> & <u>Martin J. Newhouse</u> for New England Legal Foundation.
<u>Arthur P. Murphy</u> & <u>Geoffrey P. Wermuth</u> for Murphy, Hesse, Toomey & Lehane, LLP.

KAFKER, J.  The primary issue presented is the interplay, if any, between two employee protection statutes:  G. L. c. 149, § 148 (Wage Act), and the Federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109 (2018) (WARN Act).  The defendant corporate officers (officers)[4] directed ISIS Parenting, Inc. (company), where the plaintiff employees (employees) worked until it abruptly ceased operations and terminated its entire workforce.  Alleging a WARN Act violation for failure to provide them with sixty days' advance notice of the company's shutdown, the employees brought a class action lawsuit against the company in Federal court and received a nearly $2 million default judgment.  Subsequently, the employees brought a putative class action lawsuit against the officers in State court under the Wage Act, claiming that the $2 million WARN Act damages constitute wrongfully withheld "earned wages" for which the officers are individually liable.  In addition,

---

[4] One defendant did not work at the company, but was named only with respect to the fraudulent conveyance claim.  The other defendants were the president/chief executive officer, chief financial officer, and corporate secretary.

the employees argue that the officers committed a breach of fiduciary duties that they owed to the company by allowing the company to violate the WARN Act.  Because we conclude that WARN Act damages are not "earned wages" under the Wage Act, and that the employees have not asserted a viable claim for breach of fiduciary duties, we affirm the dismissal of the employees' case.[5]

1.  Background.  We review the allowance of a motion to dismiss de novo, accepting all well-pleaded facts in the complaint as true, and taking into account any attached materials.  See Cook v. Patient Edu, LLC, 465 Mass. 548, 549 (2013).  The employees were among the more than 200 people who worked at the company, which operated for more than a decade and had several stores in the Boston area.[6]  At some point the company ran into financial difficulties, and its management decided to stop operating.  On January 14, 2014, without any prior warning, one of the officers informed the company's employees that the company was shutting down and their employment was terminated immediately.

---

[5] We acknowledge the amicus briefs of the Greater Boston Chamber of Commerce; the New England Legal Foundation; and Murphy, Hesse, Toomey & Lehane, LLP, in support of the defendants.

[6] The company offered pre- and postnatal classes and services and sold related products for children and parents.

That fall, the employees brought a class action lawsuit against the company in the United States District Court for the District of Massachusetts, alleging a violation of the WARN Act. The WARN Act provides that an employer, defined as a "business enterprise" that employs at least one hundred full-time employees or at least one hundred full- and part-time employees who collectively work at least 4,000 non-overtime hours per week, 29 U.S.C. § 2101(a)(1), "shall not order a plant closing or mass layoff until the end of a [sixty]-day period after the employer serves written notice of such an order" on each affected employee or the employees' representative, 29 U.S.C. § 2102(a). If an employer fails to comply with the sixty-day notice requirement, it "shall be liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff" for "back pay" and employee benefits covering each day of the notice violation. 29 U.S.C. § 2104(a)(1).[7] "Back pay" under the WARN Act is owed for each day of violation and is set as the higher of the "average regular rate" received during the employee's last three years of employment or the

---

[7] Exceptions to the sixty-day notice period apply when (1) the employer, under certain circumstances, was actively seeking capital at the time when the notice should have been given; (2) business circumstances that were not foreseeable caused the plant closing or mass layoff without sixty days' notice; (3) a natural disaster caused the plant closing or mass layoff without sixty days' notice. 29 U.S.C. § 2102(b) (2018).

"final regular rate" received by the employee. 29 U.S.C. § 2104(a)(1)(A). The WARN Act further provides that these remedies "shall be the exclusive remedies for any violation of this chapter." 29 U.S.C. § 2104(b). The WARN Act also states that "[t]he rights and remedies provided to employees by this chapter are in addition to, and not in lieu of, any other contractual or statutory rights and remedies of the employees, and are not intended to alter or affect such rights and remedies." 29 U.S.C. § 2105.

The company did not defend the lawsuit, and the Federal District Court judge eventually awarded a nearly $2 million default judgment under the WARN Act to the employees. After failing to collect any of this judgment amount from the company due to the company's insolvency, the employees brought this putative class action in the Superior Court against the officers directly. The officers moved to dismiss the complaint for failure to state a claim.[8] The Superior Court judge granted the motion, finding that the Federal District Court's WARN Act award "does not qualify as 'earned wages' giving rise to a claim under the Wage Act." This appeal followed.

2. <u>Discussion</u>. a. <u>Whether WARN Act damages are earned wages under the Wage Act</u>. The Wage Act provides that "[e]very

---

[8] The employees voluntarily dismissed several counts of their original complaint.

person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week."  G. L. c. 149, § 148, first par.  It also provides that outstanding wages shall be paid "in full on the day of [an employee's] discharge."  Id.  To combat "unscrupulous employers" who violate these requirements by withholding earned wages (citation omitted), Segal v. Genitrix, LLC, 478 Mass. 551, 560 (2017), the Wage Act, with limited exceptions not relevant here, provides a private cause of action, imposes personal liability on certain corporate officers, and awards mandatory treble damages and attorney's fees to a successful plaintiff.  See Melia v. Zenhire, Inc., 462 Mass. 164, 170 (2012) (describing these provisions of Wage Act).  It may also impose criminal liability.  See G. L. c. 149, § 27C.

Although the statute does not specifically define "wages earned," we have adopted the "plain and ordinary meaning" of those terms.  Awuah v. Coverall N. Am., Inc., 460 Mass. 484, 492 (2011).  Specifically, we explained there that "[w]here an employee has completed the labor, service, or performance required of him, therefore, according to common parlance and understanding he has 'earned' his wage."  Id.  In Massachusetts State Police Commissioned Officers Ass'n v. Commonwealth, 462

Mass. 219, 220, 226 (2012) (State Police), we provided further guidance in the context of employees challenging a mandatory furlough program that they contended should not have been applied to them. We rejected their argument that the deprivation of wages they would or should have earned was the deprivation of "earned wages" under the Wage Act. Id. at 226. We agreed with the employer that "the right to payment of 'earned' wages is secured by virtue of work or service actually performed," id. at 225, and thus that "a prospective reduction in the number of days to be worked," even if improper, "does not deprive the plaintiffs of any wages 'earned'" under the Wage Act, id. at 226.

The same is true for the failure to pay the additional compensation awarded to workers under the WARN Act if the sixty days' notice of plant closure is not provided. The payment is not for work that has actually been performed but for work that would have been performed had the sixty days' notice been provided. In fact, the WARN Act provides that the amount of compensation "shall be reduced by . . . any wages paid by the employer to the employee for the period of violation" (emphasis added). 29 U.S.C. § 2104(a)(2)(A). The extraordinary relief the Wage Act provides -- individual liability, treble damages, and possible criminal liability -- is directed at particularly egregious behavior, i.e., not paying wages for work actually

performed, and not at other employment violations. See Segal, 478 Mass. at 560 (purpose of Wage Act is to prevent employers' unscrupulous, long-term detention of wages).

Furthermore, not only must the employees' work actually have been performed, but the wages also must be presently -- not just prospectively or potentially -- due to be paid by the employer. See, e.g., State Police, 462 Mass. at 225; Weems v. Citigroup Inc., 453 Mass. 147, 153-155 (2009). For example, we recently held that accrued, unused "sick time" was not an "earned wage" under the Wage Act where separating employees were only entitled to compensation for that accrued sick time under certain conditions. See Mui v. Massachusetts Port Auth., 478 Mass. 710, 713 (2018). We also rejected the argument that tax deferred compensation was wages under the Wage Act that must be paid within seven days of the end of the pay period, holding that "[t]he Legislature's remedy for the evil of unreasonable detention of wages is not applicable to deferred compensation contributions," as "[t]he contributed funds are intended to be held, out of the employee's possession, for an extended period." Boston Police Patrolmen's Ass'n, Inc. v. Boston, 435 Mass. 718, 720 (2002). The work must have been actually performed and wage payments must be presently due to trigger the precise requirements and severe penalties of the Wage Act.

Characterizing WARN Act damages as back pay does not alter this analysis.  Earned wages are not the equivalent of back pay.  Back pay compensates a variety of different types of employment law violations under State and Federal law.  In general, it compensates employees for amounts that they "normally would have earned" had a violation not occurred (emphasis added).  Phelps Dodge Corp. v. National Labor Relations Bd., 313 U.S. 177, 197 (1941).  That can be for wages earned but unfairly compensated, as in cases of unequal pay, or for wages not earned, due to the failure to hire because of discrimination or the failure to provide notice, as under the WARN Act.  See 4 N.P. Lareau, Labor and Employment Law §§ 98.06, 109.03, 114.02, 125.03, 174.02 (2018) (discussing back pay awards for violations of various Federal civil rights, antidiscrimination, and employee protection statutes).  Regardless, back pay is not the same as wages earned but not paid under the Wage Act, which has its own particular and precise requirements.[9]

_____

[9] The employees rely on Federal bankruptcy cases classifying WARN Act damages as wages for purposes of bankruptcy creditor priority.  But these cases have concluded that "back pay under WARN constitutes wages for the purposes of the Bankruptcy Code" because the Code explicitly includes severance pay in the definition of "wages," see 11 U.S.C. § 507(a)(4)(A) (2018), and because WARN Act damages may be regarded as "statutory severance pay."  In re Hanlin Group, Inc., 176 B.R. 329, 334 (Bankr. D.N.J. 1995).  By contrast, severance pay is not mentioned in the Wage Act, and it has not been deemed an "earned wage" under the act.  See Prozinski v. Northeast Real Estate Servs., LLC, 59 Mass. App. Ct. 599, 603-605 (2003) (holding that severance pay

In sum, an employee who is terminated with inadequate notice and entitled to WARN Act damages for the amounts he or she would have earned had proper notice been provided has not "earned wages" for work actually performed and presently due as required by the Wage Act.  We thus hold that WARN Act damages are not wrongfully withheld wages for which the officers can be held liable under the Wage Act.

b.  Breach of fiduciary duties.  The employees further argue that the officers committed a breach of their fiduciary duties to the company by causing it to incur WARN Act liability.  As creditors of the company, the employees argue that they have standing to bring this claim derivatively.[10]

It is true that, under Delaware law, "the creditors of an insolvent corporation have standing to maintain derivative claims against directors on behalf of the corporation for breaches of fiduciary duties."  North Am. Catholic Educ.

---

is not covered by Wage Act in part because it is not expressly included in statute).  See also Mui v. Massachusetts Port Auth., 478 Mass. 710, 713 (2018) (citing Prozinski, supra, for its holding that Wage Act does not cover severance pay); Weems v. Citigroup Inc., 453 Mass. 147, 151 (2009) (same).

[10] A derivative suit is "a suit by the corporation, asserted by the stockholders on its behalf, against those liable to it. . . .  The fundamental purpose of a derivative action is to enforce a corporate right that the corporation has refused for one reason or another to assert."  R.F. Balotti & J.F. Finkelstein, Delaware Law of Corporations and Business Organizations § 13.10 (3d ed. 2018 Supp.).

Programming Found., Inc. v. Gheewalla, 930 A.2d 92, 101 (Del. 2007).[11]  A court applying Delaware law has allowed such a suit to be brought by a bankruptcy trustee alleging harm to a company arising out of director misconduct that resulted in WARN Act violations.  See In re Golden Guernsey Dairy, LLC, 548 B.R. 410, 413 (Bankr. D. Del. 2015).  But "individual creditors of an insolvent corporation have no right to assert direct claims for breach of fiduciary duty against corporate directors."  North Am. Catholic Educ. Programming Found., Inc., supra at 103.  A claim that a corporate officer committed a "breach of a duty owed directly to the plaintiff" is a direct suit, not a derivative one.  Branch vs. Ernst & Young U.S., No. Civ. A. 93-10024-RGS (D. Mass. Dec. 22, 1995).

As the Delaware Chancery Court has cautioned, "fiduciary duty law" in the creditor context should be applied "quite cautiously, to avoid unduly benefiting creditors by enabling them to recover in equity when they could not prevail" on other legal theories asserted directly against defendants.  Prod. Resources Group, L.L.C. v. NCT Group, Inc., 863 A.2d 772, 801 n.88 (Del. Ch. 2004).  Accordingly, we conclude that the employees' breach of fiduciary duty claim is improperly brought:

---

[11] Under G. L. c. 156D, § 7.47, we apply the substantive law of the jurisdiction where a foreign corporation is incorporated -- in this case, Delaware -- to a derivative proceeding.

while styled as a derivative claim, it simply repackages the employees' primary argument that the officers committed a breach of duties owed to them under the WARN Act.  By its express terms, the WARN Act is the exclusive remedy for WARN Act violations.  See 29 U.S.C. § 2104(b).  We therefore affirm dismissal of the claim against the officers for breach of fiduciary duty.[12]

3.  <u>Conclusion</u>.  For the foregoing reasons, we affirm the Superior Court judge's grant of the officers' motion to dismiss.

<u>So ordered</u>.

---

[12] Because we affirm the dismissal of the Wage Act and breach of fiduciary duty claims, we also affirm the dismissal of the fraudulent conveyance claim.