NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-59

GRAEME D. FISHER

vs.

CAMERON A. FISHER & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This action was brought by Graeme Fisher (Graeme) against his brother, Cameron Fisher (Cameron), in Cameron's capacity as representative of the estate of their father, Donald Fisher (Donald), pursuant to G. L. c. 230, § 5. That statute provides that an heir, legatee, or creditor having an interest in the enforcement of a claim "in favor of the estate" may bring a civil action to enforce that claim where the executor or administrator "refuses to bring such action at the request of an heir, legatee or creditor." The case was dismissed on the grounds that Graeme "failed to state a claim upon which relief [could] be granted" and that his claim was subject to the "doctrine of collateral estoppel." Graeme now appeals.

---

[1] Stuart W. Rapp, as personal representative of the estate of Donald C. Fisher.

"We review the allowance of a motion to dismiss de novo, accepting as true all well-pleaded facts alleged in the complaint." Ryan v. Mary Ann Morse Healthcare Corp., 483 Mass. 612, 614 (2019), citing Calixto v. Coughlin, 481 Mass. 157, 158, (2018).

Cameron argues that the dismissal of the complaint in this matter should be affirmed because Graeme is collaterally estopped from bringing this action. He does so on the basis that Graeme, who along with Cameron was a co-personal representative of the estate of their mother, Ardell Fisher (Ardell), previously brought an action in the Land Court against Cameron in his capacity as co-personal representative of their mother's estate. That action, though substantially narrower than this, alleged at least one of the same things that is alleged here, that the transfer of certain property by Donald and Ardell to Cameron for nominal consideration in 2003 was a result of undue influence by Cameron.

The Land Court in that previous action granted summary judgment in favor of Cameron. On appeal, a different panel of this court concluded that Graeme lacked "standing" to have brought the Land Court action. First, the panel concluded that even if Ardell had retained an interest in the property at issue during her lifetime, that right would have automatically transferred by operation of law to Donald at the time of her

2

death, "thus, after Ardell's death any claim to the property was held exclusively by Donald, or his estate after his death."

Second, the panel concluded that, as only one of the two co-personal representatives of Ardell's estate, Graeme bringing the Land Court action without Cameron's consent or delegation to act on his behalf was expressly prohibited by statute and by the language contained in Ardell's will. The panel concluded that "[b]ecause Graeme did not have standing to bring this action in the Land Court, the judge lacked subject matter jurisdiction over it."

The panel's opinion also addressed the merits of Graeme's claim. But as the parties both note, following the issuance of the panel's memorandum and order pursuant to Rule 23.0 of the Rules of the Appeals Court, as appearing in 97 Mass. App. Ct. 1017 (2020), in response to a motion for reconsideration filed by Graeme, we clarified the meaning of that further discussion in our memorandum and order of the merits of the claim brought in the Land Court, adding as a preface to our discussion the clause, "Even if Graeme had standing, we would still affirm." This emendation made clear that the discussion of the merits in the prior decision was dictum.

In his primary argument before us, Cameron says that the dismissal of the complaint in this matter should be affirmed because Graeme is barred from bringing this action due to claim

3

preclusion.  Claim preclusion may properly be invoked only where there is (1) an "identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) [a] prior final judgment on the merits" (citation omitted).  Laramie v Phillip Morris USA Inc., 488 Mass. 399, 405 (2021).

Cameron argues that prong one is satisfied because Graeme, as co-personal representative of his mother's estate, the capacity in which he brought the previous suit, is in privity with Graeme, suing under the statute for the benefit of his father's estate, the capacity in which he brought the current suit.

Determining the scope of privity is sometimes not a simple matter.  See, e.g., Daigle v. Portsmouth, 129 N.H. 561, 573 (1987) (Souter, J.) ("'[A] judgment against a government does not bind its officials in subsequent litigation that asserts a personal liability against officials.  And . . . an official who has litigated in his official capacity is not precluded from relitigation in his personal capacity.'  18 C. Wright and A. Miller, Federal Practice and Procedure § 4458 [1981]").  However, in this case, it is clear that Graeme, suing as a co-personal representative of his mother's estate, is not the same party, or its privy, as Graeme, suing on behalf of his father's estate.  Cameron also says that, despite his suing in different

capacities, Graeme is the same party in both suits, but that is incorrect on its face. The Supreme Judicial Court long ago held, "A verdict against a man suing in one capacity will not estop him when he sues in another distinct capacity and, in fact, as a different person in law." McCarthy v. William H. Wood Lumber Co., 219 Mass. 566, 570 (1914). Likewise, the Restatement (Second) of Judgment § 36(2) (1982) takes the position that "[a] party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity." Prong one therefore is not satisfied and claim preclusion does not bar this action.

Cameron secondarily argues that dismissal was proper based on "undisputed facts found by the Land Court" and because "[e]ven if the Land Court decision is not preclusive, the underlying policy of collateral estoppel applies." He refers repeatedly, as well, to the summary judgment record in the Land Court action to support the assertion that dismissal of the complaint was proper.

These are primarily arguments the gravamen of which is that the suit is precluded under the doctrine of issue preclusion. "Issue preclusion applies when (1) the issue sought to be precluded in the later action is the same as that involved in

5

the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment" (quotation and citation omitted).  Alicea v. Commonwealth, 466 Mass. 228, 236 (2013).  Even if the other three elements were met, which we need not decide, no determination of any issue presented in this action was essential to the judgment in the other action, which was ultimately based on a lack of standing to sue.

Beyond that, Cameron's argument is that a complaint may be dismissed on the basis of the summary judgment record in another case, which is not correct.  "Even were we to accept the idea that Mass. R. Civ. P. 12 (b) (6) permits consideration of matters outside the four corners of the complaint provided they are susceptible to judicial notice, . . . [m]atters are judicially noticed only when they are indisputably true. . . . [A]lthough we make take judicial notice of the docket entries and papers filed in separate cases, we may not take judicial notice of facts or evidence brought out in those separate actions."  Cannonball Fund, Ltd. v. Dutchess Capital Mgt., LLC, 84 Mass. App. Ct. 75, 91 (2013), quoting Nantucket v. Beinecke, 379 Mass 345, 352 (1979), and Home Depot v. Kardas, 81 Mass. App. Ct. 27, 28 (2011).

Finally, and in the alternative, Cameron argues that the claims should be dismissed as they are barred by the statute of limitations.[2]  Because this involves some complex and potentially novel legal questions, including possible questions about the timing of various different unlawful acts described in the complaint, the application of the discovery rule -- including, perhaps, the date when discovery by the personal representative was possible and/or the date when discovery by Graeme in his capacity as heir or legatee with the power to sue for the benefit of the estate under the statue occurred -- and the relevance of G. L. c. 230, § 5, to the calculation of the statute of limitations, we conclude the prudent course is to allow this argument to be more fully developed and considered by the motion judge in the first instance.[3]

---

[2] He also argues that the suit should be barred on the ground of laches, but his argument that Graeme, who did not have authority to bring an action on behalf of Donald's estate until the personal representative declined to act, should somehow have brought this action during his parents' lifetimes, is without merit.

[3] In her order, the judge also denied Graeme's "Motion to Reinstate Claim for Breach of Fiduciary Duty."  The presence or absence of a fiduciary duty is of course a question of fact.  Although the motion judge properly examined the complaint in denying the motion to reinstate, the original dismissal of the claim was "[b]ased upon the facts and allegations included within the underlying Complaint, and due to the findings made by the Land Court with respect to the same claim previously asserted by the plaintiff" (emphasis added).  We express no opinion whether the factual allegations contained in the materials properly considered on a motion to dismiss suffice to

So much of the judgment that dismissed the complaint is vacated.  In light of our conclusion that Graeme's appeal has merit, the remainder of the judgment awarding fees to Cameron is also vacated, and Cameron's request for appellate attorney's fees is denied.  Finally, the order denying the motion to reinstate claim for breach of fiduciary duty is vacated, and the case is remanded for further proceedings consistent with this opinion.

<u>So ordered</u>.

By the Court (Rubin,
  Englander & Hand, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:   March 15, 2023.

---

state a claim for breach of fiduciary duty.  Since the case must in any event be remanded, we think the prudent course would be to allow the judge on remand to address the question in the first instance.
[4] The panelists are listed in order of seniority.