NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-730
22-P-731
22-P-732

LUANITA LANE

vs.

BOSTON PUBLIC SCHOOLS (and two companion cases[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from the denial of her motion to reopen her case as well as the allowance of motions to dismiss two complaints that she filed in the Superior Court.[2]  We affirm.

Background.  The plaintiff is the mother of a student in the Boston public schools (BPS).  On December 12, 2019, she filed a complaint against BPS that was dismissed on January 24, 2020.  Over two years later, on April 11, 2022, she filed a motion to reopen the case, which was denied on April 26, 2022.  Thereafter, also on April 26, 2022, the plaintiff filed a second

_____

[1] Luanita Lane vs. Boston Public Schools; Luanita Lane vs. Emma Simmons, in her capacity as the principal of the Roxbury Prep Lucy Stone Charter School.

[2] This case was paired with the companion cases for decision in this court.

complaint against BPS and a third complaint, against Emma Simmons in her capacity as principal of the Roxbury Prep Lucy Stone Charter School (Roxbury Prep). The defendants filed motions to dismiss the second and third complaints pursuant to Mass. R. Civ. P. 12 (b), 365 Mass. 754 (1974), for failure to state a claim upon which relief can be granted. The same judge who denied the plaintiff's motion to reopen the case allowed the motion to dismiss the second complaint, while a different judge allowed the motion to dismiss the third complaint. The plaintiff timely appealed the order and the judgments.

To the extent that we are able to parse her allegations, the plaintiff claims that her son was bullied and harassed by a teacher and a dean at Roxbury Prep; teachers withheld education from her son; and teachers failed to document her son's homework.[3]

Discussion. "We review the allowance of a motion to dismiss de novo, accepting as true all well-pleaded facts alleged in the complaint." Ryan v. Mary Ann Morse Healthcare Corp., 483 Mass. 612, 614 (2019), citing Calixto v. Coughlin,

---

[3] We need not address claims, raised for the first time on appeal, wherein the plaintiff purported to name four other schools as defendants, alleged additional bullying and harassment by teachers and other students, and alleged that she "was told" of other harm to her son, although her son "said nothing happened." See Boss v. Leverett, 484 Mass. 553, 562-563 (2020) ("issues not raised below cannot be argued for the first time on appeal").

2

481 Mass. 157, 158 (2018).  To survive a motion to dismiss, the plaintiff must present factual allegations that rise above the level of speculation and plausibly suggest an entitlement to relief.  See Murrow v. Esh Circus Arts, LLC, 93 Mass. App. Ct. 233, 234 (2018), citing Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).

The plaintiff does not argue that the judges erred in dismissing her complaints or denying her motion to reopen the first case, nor does she provide a factual record or legal authority that would allow us to conclude that these decisions were wrong.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) (appellant's brief must contain "citations to the authorities and parts of the record on which the appellant relies" and "[t]he appellate court need not pass upon questions or issues not argued in the brief").  See also Cabot v. Cabot, 55 Mass. App. Ct. 756, 768 (2002) ("Because he offers no citation to authority to support his argument, we do not address it").  "The fact that the plaintiff represents [her]self does not excuse [her] noncompliance with procedural rules." Brossard v. West Roxbury Div. of the Dist. Court Dep't, 417 Mass. 183, 184 (1994).

Passing over the inadequacy of her brief, we conclude that the plaintiff's complaint against Roxbury Prep[4] failed to allege facts rising above the speculative level that would allow relief to be granted in her favor. See Iannacchino, 451 Mass. at 636. The complaint is devoid of specific factual allegations that would entitle her to relief. The allegations are in vague terms, such as "the teachers [were] withhold[ing] education curriculum" from her child and "trying to make him get into trouble." Additionally, the plaintiff's requested relief was that the unnamed teachers and deans be fired and criminally charged for the alleged crimes perpetrated on her son. These claims and requests for relief do not "allege facts that demonstrate [s]he has a cause of action." Flagg v. AliMed, Inc., 466 Mass. 23, 38 (2013).

To the extent that the plaintiff's complaint can be construed as a complaint seeking a civil harassment order under G. L. c. 258E, she fares no better. The complaint does not identify three distinct acts, allegedly committed by a

---

[4] The plaintiff did not include in the appendix the two complaints that she filed against BPS, as required by Mass. R. A. P. 16 (e), as appearing in 481 Mass. 1628 (2019), and Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019). As a result, claims stemming from these complaints are waived. See Chokel v. Genzyme Corp., 449 Mass. 272, 279 (2007). And although the plaintiff was granted leave to file a nonconforming brief, this does not excuse her failure to comply with the Rules of Appellate Procedure.

4

defendant, of "willful and malicious conduct . . . with the intent to cause fear, intimidation, abuse or damage to property." See G. L. c. 258E, § 1. Bare assertions that merely recite an element of a tort, such as harassment, do not suffice as allegations of fact. See Polay v. McMahon, 468 Mass. 379, 388 (2014). Dismissal of the plaintiff's complaints was proper.

In case No. 22-P-730, the order denying the motion to reopen the case is affirmed. In case No. 22-P-731, the judgment is affirmed. In case No. 22-P-732, the judgment is affirmed.

So ordered.

By the Court (Blake, Grant &
  Smyth, JJ.[5]),

Joseph F. Stanton

Clerk

Entered: April 20, 2023.

---

[5] The panelists are listed in order of seniority.

5